COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-301-CR

 

 

EX PARTE 

RICHARD COLUMBUS STRICKLIN II                                                        

 

                                                    

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Richard Columbus Stricklin, II was
indicted on November 5, 2004, on four counts of aggravated sexual assault of a
child and two counts of indecency with a child. 
The complainant in this case is Appellant=s
daughter.








Appellant=s
attorneys reviewed the State=s files
at the Tarrant County District Attorney=s office
on four different occasions.  The weekend
before the case was initially set for trial, Appellant=s
attorneys learned from Appellant=s mother
that in 1994, while living in Missouri, the complainant had made an accusation
of child abuse against the owner of a daycare center.  The complainant was living with Appellant and
her mother when the accusation occurred, and Appellant had been informed of the
complainant=s allegations at the time.  Appellant had received an email from the
complainant=s mother in April 2004 which
referred to the previous abuse accusation.

Appellant=s
attorneys contacted the authorities in Missouri about the investigation.  Although they were told that it would take
some time to retrieve the documents related to the investigation, Appellant=s
attorneys did not file a motion for a continuance.

A jury was sworn and trial began on May 9,
2006.  Appellant did not move for a
continuance before the jury was sworn. 
Appellant pled not guilty, and the State presented its opening argument
and two witnesses.  The State=s second
witness was the complainant=s
mother.  Appellant cross-examined her
about the complainant=s allegations against the
daycare owner.  Appellant introduced a
copy of the email the complainant=s mother
had sent Appellant referring to the allegations.  The trial court adjourned for lunch after the
examination of the witness.  During the
break, Appellant=s attorneys learned that the
State had been in possession of this evidence, but it had not been included in
the State=s files made available to
Appellant=s attorneys.








Appellant argued that the State had violated its
duty to disclose evidence and requested a mistrial or a continuance Ato
pursue the experts we now know we need.@  After argument and testimony, the court
granted the mistrial. On June 21, 2006, to
prevent his retrial, Appellant filed an application for writ of habeas corpus
alleging double jeopardy.  The trial
court denied relief after a hearing.  In
its findings of fact and conclusions of law, the trial court found that the
prosecutors did not engage in deliberate misconduct and that Appellant=s
failure to investigate the complainant=s prior
allegations resulted from Appellant=s lack
of due diligence.








In one issue, Appellant contends that the trial
court erred by denying relief on double jeopardy grounds because the prosecutor
willfully withheld exculpatory evidence. 
The State has an affirmative duty under the due process clause to
disclose material evidence favorable to the accused.[2]  The due process clause is violated when a
prosecutor fails to disclose evidence favorable to the accused when that
evidence creates a probability sufficient to undermine confidence in the
outcome of the proceeding.[3]  When the trial court finds that a prosecutor
has violated the due process clause by failing to disclose evidence, the trial
court may either declare a mistrial or grant a motion for continuance.[4]  Retrial after a mistrial is barred only when Athe
conduct giving rise to the successful motion for mistrial was intended to
provoke the defendant into moving for a mistrial.@[5]

The prosecutor in the case now before this court
seemed surprised that the testimony of the complainant=s prior
accusation would constitute Brady material because he knew that
Appellant knew of the earlier accusation. 
The trial judge took the prosecutor to task for failing to disclose to
Appellant the circumstances of the prior accusation.  The trial court then entered written findings
of facts and conclusions of law that conflict to some extent with the
statements on the record.  In the written
findings and conclusions, contrary to the statements in court, the trial court
concluded that the State did not violate its constitutional duty to disclose Brady
material.  The trial court explained in
its written findings of fact that Appellant=s motion
for mistrial was granted not because of the conduct of the prosecution but to
provide Appellant with additional time for his counsel to investigate the prior
accusation.








Despite this confusion, the law is clear.  This mistrial was not sought by the State but
occurred while the trial was going quite well for the State.  Appellant not only was aware of the prior
accusation but actively participated in all that was done to investigate the
accusation.  Apparently, either Appellant=s
counsel was the only one who was unaware of the prior accusation until made
aware by Appellant=s mother, or Appellant=s
counsel believed the prosecutor was unaware of the prior accusation until
discovering otherwise after trial began.

Giving the appropriate deference to the trial
court=s
findings of fact,[6]
we hold that Appellant failed to prove a double jeopardy violation.  We overrule his sole issue and affirm the
trial court=s order.

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  February 8, 2007











[1]See Tex. R. App. P. 47.4.





[2]Brady v. Maryland, 373 U.S. 83, 88, 83 S. Ct. 1194, 1196-97 (1963).





[3]Banks v. Dretke,
540 U.S. 668, 691, 124 S. Ct. 1256, 1272 (2004); Sprinkler v. Greene,
527 U.S. 263, 281-82, 119 S. Ct. 1936, 1948 (1999); Ex parte Richardson,
70 S.W.3d 865, 870 (Tex. Crim. App. 2002); Wyatt v. State, 23 S.W.3d 18,
27 (Tex. Crim. App. 2000).





[4]See Wilson v. State, 7 S.W.3d 136, 146 (Tex. Crim. App. 1999).





[5]Oregon v. Kennedy, 456 U.S. 667, 679, 102 S. Ct. 2083, 2091 (1982).





[6]See Ex parte Briseno, 135 S.W.3d 1, 12-13 (Tex. Crim. App. 2004).